# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

## Norfolk Division

RONNIE JUNIOR ELLIS, #357232

      Petitioner,

v.                     ACTION NO. 2:09cv394

GENE M. JOHNSON
Director (VA D.O.C.),

      Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c)(1) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

## I. STATEMENT OF THE CASE

### A. Background

Petitioner Ronnie Junior Ellis, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges Ellis's February 23, 2006 convictions by the Circuit Court for the City of Fredericksburg wherein he was found guilty of distribution of cocaine and possession with intent to distribute cocaine. Ellis was sentenced to ten years imprisonment and a $50,000 fine for each charge.

Ellis's first petition for direct appeal was denied in part and dismissed in part by a single judge of the Court of Appeals of Virginia on December 4, 2006. This decision was upheld by a panel of Court of Appeals judges on February 26, 2007. On June 28, 2007, the Supreme Court of

Virginia refused Ellis's petition for appeal. Finally, the United States Supreme Court denied certiorari on April 21, 2008. *Ellis v. Virginia,* 128 S.Ct. 2062 (2008). Ellis then filed his state habeas petition directly to the Supreme Court of Virginia on September 16, 2008. The state petition was dismissed on April 16, 2009.

Ellis, presently in the custody of the Virginia Department of Corrections at Dillwyn Correctional Center in Dillwyn, Virginia, filed this federal habeas petition on August 6, 2009. The Respondent then filed a Rule 5 Answer and Motion to Dismiss, and Ellis filed his response to the Motion to Dismiss. Accordingly, this matter is now ripe for adjudication.

**B. Grounds Alleged**

Ellis asserts he is entitled to relief under 28 U.S.C. § 2254 because:

(a) (1) the Fredericksburg police illegally arrested petitioner outside the city boundaries, and (2) the circuit court wrongly upheld petitioner's arrest;

(b) petitioner was not arrested based on probable cause, but on the basis of an illegal search, and, further, that the police exceeded the permissible scope of any lawful search for weapons;

(c) the stop of petitioner's vehicle was done on the basis of an illegal pretext;

(d) a miscarriage of justice occurred in that (1) petitioner was entrapped into committing the offenses, (2) the trial court did not fairly consider petitioner's argument that the Fredericksburg police had illegally acted outside the city boundaries, (3) the trial court wrongly admitted or excluded various evidence, (4) the two offenses were wrongly tried jointly, (5) petitioner was not given reasonable notice by the trial court that it was contemplating an upward departure from the sentencing guidelines, (6) the trial court wrongly denied petitioner's motion to suppress for lack of probable cause, (7) the trial court's findings of fact in denying the motion to suppress were plainly wrong, (8) petitioner was incarcerated for pursuing his religious beliefs, based upon the trial court's failure to fairly consider his motion to suppress reconsideration of facts, (9) the Court of Appeals of Virginia on direct appeal wrongly failed to decide petitioner's jurisdictional claim, (10) the Commonwealth engaged in misconduct by making an untrue, misleading response to petitioner's suppression argument, (11) the Commonwealth engaged in misconduct by misleading the trial court into believing that there were separate rocks prepackaged

2

for distribution, (12) petitioner did not receive transcripts from the General District Court hearing or the grand jury proceeding, (13) the full field type search of Ellis was unreasonable, (14) the Commonwealth committed misconduct by misleading the court regarding the circumstances of the stop and subsequent search and seizure of petitioner, (15) the Circuit Court refused to rule at trial on the fact that the Commonwealth had deliberately misled it, (16) the Commonwealth produced no Detainment Warrant Acquisition's Testimony, (17) the trial court wrongly disregarded the sentencing guidelines in imposing sentence, and (18) the circuit court did not make any findings or determinations regarding claimed discrepancies in the presentence report;

(e) he was denied the effective assistance of counsel in that (1) neither trial nor appellate standby counsel acquired a measurement that would have sustained petitioner's jurisdictional claim, (2) standby trial counsel failed to advise petitioner of his right to certain jury instructions, and, (3) newly discovered evidence establishes that the Fredericksburg police exceeded their jurisdictional authority; and

(f) petitioner suffered a miscarriage of justice by being convicted despite presenting much knowledge concerning the Fourth Amendment violations in this case.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A. Standard of Review**

Pursuant to Title 28 of U.S.C. § 2254, a federal court may not grant relief on any claim that the Virginia Supreme Court adjudicated on the merits unless the Virginia Supreme Court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as established by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1)-(2) (2010). The Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way."

3

*Williams v. Taylor,* 529 U.S. 362, 386 (2000). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." *Id.* at 389.

**B. Exhaustion**

In order for this Court to address the merits of a habeas petition, all of Petitioner's claims must be exhausted. *See* 28 U.S.C. § 2254(b) (2010). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D.Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953)); *see also Skipper v. French*, 130 F.3d 603, 610 n.4 (4th Cir. 1997).

In this case, as the Respondent rightly points out, Ellis exhausted all of his available state court remedies when his state habeas petition was dismissed by the Supreme Court of Virginia. As a result, Ellis has satisfied the requirements of 28 U.S.C. § 2254(b).

**C. Procedural Default**

In the instant case, the Supreme Court of Virginia dismissed grounds (a), (b), (c), (d), and (f) based upon a state procedural rule, and this Court may not review claims which have been procedurally defaulted in state court. *See Coleman v. Thompson,* 501 U.S. 722, 748 (1991). The Virginia Supreme Court refused to consider the claims because they were not raised during trial or on direct appeal. Consequently, the claims were barred by *Henry v. Warden,* 576 S.E.2d 495, 496 (Va. 2003). *See also Slayton v. Parrigan,* 205 S.E.2d 680 (Va. 1974). *Henry* holds that "a claim

that *could* have been raised at the criminal trial or on direct appeal is not cognizable in habeas corpus because to do so would circumvent the trial and appellate process for non-jurisdictional defects." *Henry*, 576 S.E.2d at 496 (citing *Slayton*, 205 S.E.2d at 682) (emphasis in original). If a claim is procedurally defaulted on independent and adequate state procedural grounds, then it is not subject to review in a federal district court. *See Coleman,* 501 U.S. at 748; *Breard v. Netherland,* 949 F.Supp. 1255, 1263 (E.D.Va. 1996). Thus Ellis's only remaining claim to be considered by this Court is his allegation that he received ineffective assistance of counsel.

**D. Merits**

In claim (e)(1) Ellis alleges that he was denied effective assistance of counsel at trial and appeal because his standby counsel failed to acquire a measurement to support his jurisdictional argument. In claim (e)(2) Ellis argues that counsel was ineffective because counsel failed to advise Ellis about his right to certain jury instructions. Lastly, in claim (e)(3) Ellis alleges that counsel was ineffective because newly discovered evidence established the Fredericksburg Police exceeded their jurisdictional authority. *See* Va. Sup. Ct. Order Den. Pet. at 3. The Virginia Supreme Court found that Ellis failed to provide evidence to support his allegations and failed to state a legal basis to support his proposed jury instructions. *Id.* As a result, the court held that Ellis failed to satisfy either the performance or prejudice standards as set out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This Court agrees with the ruling of the Virginia Supreme Court. First, Ellis states in his affidavit (presumably serving as his brief in support of his habeas petition) [Doc. No. 12] that he "has made a good showing that his assistant co-counsels were infact [sic] ineffectively deficient." [Aff. at 10]. In addition to being conclusory, he made no such showing in the brief. As the Supreme Court of Virginia reasoned, there was no evidence, or factual basis presented to support this

assertion. Furthermore, in his State Response to the Motion to Dismiss the habeas petition, he argues that his "assistant counsel of the trial ct., who pretended to assist [him] on direct appeal, did err in such a manner", yet he still fails to provide any details or evidence. The "manner" in which counsel erred as Ellis referred to, was simply a recitation of the venerable *Strickland* standard defining deficient performance as conduct depriving a defendant of a fair trial. In both invocations of the ineffective assistance of counsel claims, Ellis merely recites the rule without stating why, or how, it applies to the facts of his case. Nor does he purport to state how any alleged deficient performance prejudiced the outcome of his trial. For these reasons, the Supreme Court of Virginia's rationale for denying his petition was not contrary to federal law, nor did it involve an unreasonable application of federal law, nor was it based on an unreasonable determination of the facts in light of the evidence. *See* 28 U.S.C. § 2254(d)(1)-(2) (2009). As a result, this Court is not convinced that any of Ellis's federal constitutional rights have been violated. *See Williams v. Taylor,* 529 U.S. 362, 389 (2000).

## III. **RECOMMENDATION**

For the foregoing reasons, the Court recommends the petition for writ of habeas corpus be DENIED, and the respondent's motion to dismiss be GRANTED because Ellis's grounds (a) - (d), and (f) were procedurally defaulted in state court, and his ground (e) is without merit.

Furthermore, Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, 467 U.S. 1208 (1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
January 29, 2010

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Ronnie Junior Ellis, #357232
Dillwyn Correctional Center
P.O. Box 670
Dillwyn, Virginia 23936


Robert Homer Anderson III, Esq.
Office of Attorney General
900 East Main Street
Richmond, VA 23219

                                            Fernando Galindo, Clerk


                                            By _____
                                              Clerk of the Court

                                               January      , 2010