UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

RONNIE JUNIOR ELLIS, #357232

    Petitioner,

v.                                                ACTION NO. 2:09cv394

GENE M. JOHNSON
Director (VA D.O.C.),

    Respondent.

## FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violation of federal rights pertaining to Petitioner's convictions on February 23, 2006, by the Circuit Court for the City of Fredericksburg wherein he was found guilty of distribution of cocaine and possession with intent to distribute cocaine, as a result of which he was sentenced to ten years imprisonment and a $50,000 fine for each charge.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The Report and Recommendation filed January 29, 2010, recommends dismissal of the petition. Each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. On February 17, 2010, and March 15, 2010, the Court received Petitioner's Objections to the Report and Recommendation.

First, Petitioner objects to the standard of review set out in the Report and Recommendation.

Petitioner restates the standard cited in the Report and Recommendation, and required by 28 U.S.C. § 2254, and argues that the state court ruling denying his motion to suppress filed on October 27, 2005, was contrary to, or involved an unreasonable application of clearly established federal law, and resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented. [*See* Object. to Rep. & Recomm. at 3-4]. Although, Petitioner couches this as an objection to the standard of review, it is exactly the standard required by statute, and simply a challenge to the merits of the Report and Recommendation. Despite Petitioner's allegation regarding the trial court outcome concerning his motion to suppress, he fails to overcome the obstacle of procedural default. As the Report and Recommendation rightly pointed out, this Court may not review claims which have been procedurally defaulted in state court. *See Coleman v. Thompson*, 501 U.S. 722, 748 (1991). Petitioner's claims were procedurally defaulted in the Supreme Court of Virginia because they were raised and rejected on procedural grounds at trial and on direct appeal. *See Henry v. Warden*, 576 S.E.2d 495, 496 (Va. 2003). *See also Slayton v. Parrigan*, 205 S.E.2d 680 (Va. 1974). Thus, since Petitioner's claims were procedurally defaulted in state court, they are likewise defaulted for the purposes of federal habeas review. *See Coleman*, 501 U.S. at 748.

Second, Petitioner challenges the Report and Recommendation's finding that his petition was procedurally defaulted due to Petitioner's failure to raise his claims to the trial court or on direct appeal. While the Petitioner is correct that he did, in fact, raise his claims on direct appeal, they were also rejected for procedural reasons on direct appeal. [Sup. Ct. of Va. Order Den. Pet. at 3]. For instance, the Court of Appeals of Virginia repeatedly dismissed claims in Petitioner's direct appeal based on his failure to brief the "principles of law, the argument, and the authorities relating to each question presented." [Ct. of Appeals Order Den. Appeal at 4-9 (*citing Buchanan v. Buchanan*, 14

Va. App. 53, 56 (1992))]. Accordingly, the Supreme Court of Virginia was correct in ruling that Petitioner's claims were procedurally defaulted. [Sup. Ct. of Va. Order Den. Pet. at 3; *Henry v. Warden*, 576 S.E.2d 495, 496 (Va. 2003)].

Furthermore, although Petitioner attempts to raise the argument that his claims stem from a jurisdictional defect, thus distinguishing his case from *Henry* and eliminating the procedural default, he makes no showing as to how or why any of the defaulted matters are cognizable under federal habeas review. Instead, Petitioner vaguely alleges violations of his rights concerning probable cause, a pretextual stop and search, and entrapment. [Object. to Rep. & Recomm. at 7-8]. These grounds are insufficient to challenge the Supreme Court of Virginia's habeas ruling. With respect to the alleged lack of probable cause and pretext involved in the search, the U.S. Supreme Court has made clear that when "the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976). As far as entrapment is concerned, Petitioner makes nothing but a conlcusory allegation supported by neither law nor fact to justify federal relief. In an attempt to support his entrapment claim, Petitioner references his August 16, 2006 Petition for Appeal to the Court of Appeals of Virginia. In that pleading, Petitioner asks, "[t]hat you would apply your considerations also to the question of (whether or not the set up of this ordeal was entrapment in fact; enlight [sic] of Just cause shown as well as upcoming support . . . )." [Ct. of Appeals Pet. for Appeal at 12]. Clearly, it would stretch logic for this court to interpret a denial of such a terse allegation as a decision on the part of the Supreme Court of Virginia which was contrary to federal law, involved an unreasonable application of clearly established federal law, or resulted in a decision that was

based on an unreasonable determination of facts in light of the evidence presented. *See* 28 U.S.C.A. § 2254(d)(1)-(2) (2010). Therefore, neither the Petitioner's objections to the Report and Recommendation regarding the search, nor his claims of entrapment, are sufficient to grant a writ under the requirements of 28 U.S.C. 2254(d).

Third, Petitioner "speculates" that his First Amendment claim is not defaulted because he likewise raised that issue in a motion to suppress in the circuit court. [Object. to Rep. & Recomm. at 8]. For the same reason as those applying to his claims of a lack of probable cause and a pretextual stop and search, this too must fail. Here too, even if the claim were not procedurally defaulted, it would be barred under *Stone v. Powell*. 428 U.S. 465 (1976).

Fourth, Petitioner challenges the Report and Recommendation findings with respect to his ineffective assistance of counsel argument by stating, "please review DENOVO [sic] Ellis' ineffective assistance of counsel claims as well as the other claims of Ellis'." [Object. to Rep. & Recomm. at 9]. Indulging Petitioner's invitation for the Court to groom his ineffective assistance of counsel claims reveals that he merely recites the rule without stating why, or how, it applies to the facts of his case. Nor does he purport to state how any alleged deficient performance prejudiced the outcome of his trial. [*See, e.g.,* Aff. in Supp. of Fed. Hab. Pet. at 10]. For these reasons, the Supreme Court of Virginia's rationale for denying his petition was not contrary to federal law, nor did it involve an unreasonable application of federal law, nor was it based on an unreasonable determination of the facts in light of the evidence. *See* 28 U.S.C.A. § 2254(d)(1)-(2) (2010).

Finally, in Petitioner's Supplemental Objections to the Report and Recommendation, [Doc. No. 18], he argues that "it's clear that the undisputed newly discovered evidence of Ellis' submitted habeas affidavit is the proof of which the ct. of appls. spoke of & it went unrefuted whatsoever."

4

[Doc. No. 18 at 3]. Here, again, Petitioner challenges the police jurisdiction at the location where he was searched and arrested. The misapplication of federal law, he argues, was the violation of his Fourth Amendment rights by the Court of Appeals of Virginia which "refused to admit the tr. ct. erred in an effort to wash the backs of their lawless co-workers." [Doc. No. 18 at 3]. Instead, however, this is yet another example of the *Stone v. Powell* doctrine which does not permit collateral attack of a conviction on a Fourth Amendment issue if the state court provided for a full and fair opportunity to litigate that issue. 428 U.S. 465, 494 (1976). As such, the arguments raised in Petitioner's Supplemental Objections to the Report and Recommendation do not support a finding that the Virginia Supreme Court acted contrary to federal law, unreasonably applied federal law, or unreasonably determined the facts in light of the evidence. *See* 28 U.S.C.A. § 2254(d)(1)-(2) (2010).

The Court, having reviewed the record and examined the objections filed by Petitioner to the Report and Recommendation, and having made *de novo* findings with respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the Report and Recommendation filed January 29, 2010. It is, therefore, ORDERED that the petition be DENIED and DISMISSED. It is further ORDERED that judgment be entered in favor of Respondent.

Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. *See Miller-El v. Cockrell*, 123 S.Ct. 1029, 1039 (2003).

Petitioner is hereby notified that he may appeal from the judgment entered pursuant to this Final Order by filing a *written* notice of appeal with the Clerk of this court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within 30 days from the date of entry of

such judgment.

The Clerk shall mail a copy of this Final Order to Petitioner and counsel of record for Respondent.

/s/ Mark S. Davis
Mark S. Davis
United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March 29, 2010